IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JENNIFER HARSH,

    Plaintiff,

v.                                       Civil Action No. 5:11CV134
                                                    (STAMP)
MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Procedural History

On February 7, 2008, the plaintiff in this civil action filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, claiming that she suffered from disability beginning October 2, 2005. The plaintiff claimed disability as a result of alopecia, psoriasis, psoratic arthritis, plantar fascitis, venous insufficiency, asthma, a sciatic nerve condition, hyperglycemia, endometriosis, and acid reflex. Her application was denied both initially and upon reconsideration. On December 9, 2008, the plaintiff requested a hearing and such hearing was held on March 24, 2010 before Administrative Law Judge ("ALJ") George A. Mills, III. The ALJ affirmed the denial of benefits on the grounds that the plaintiff was not disabled as that term is defined by the Social Security Act. The plaintiff then requested a review by the Appeals Council but was denied.

Thereafter, the plaintiff filed this action against the Commissioner of Social Security ("Commissioner") seeking judicial review of the adverse decision entered against her. The plaintiff then filed a motion for judgment on the pleadings. The defendant did not respond to this motion, but the defendant did file a motion for summary judgment. The plaintiff then filed a response to the defendant's motion for summary judgment. United States Magistrate Judge James E. Seibert reviewed the plaintiff's complaint, the motions by the parties and the administrative record, and issued a report and recommendation recommending that the defendant's motion for summary judgment be granted, that the plaintiff's motion for judgment on the pleadings be denied, and that this matter be dismissed. Upon submitting his report, Magistrate Judge Seibert informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within fourteen days after being served with a copy of the report. The plaintiff filed timely objections stating that: (1) the magistrate judge failed to understand that multiple impairments must be evaluated throughout the sequential step process; (2) a particularized discussion and analysis of the multiple impairments is necessary; and (3) non-severe impairments must be considered in the combination analysis.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are clearly erroneous. Because the plaintiff filed objections, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made. This Court will review the other findings of the magistrate judge for clear error.

## III. Discussion

In the plaintiff's motion for judgment on the pleadings, the plaintiff argues: (1) the Commissioner's decision is not based on substantial evidence as the ALJ committed reversible error in failing to find that plaintiff's mental impairments, obesity, and headaches were "severe"; (2) the Commissioner's decision is not based on substantial evidence as the ALJ committed reversible error in not evaluating the combination of the claimant's impairments; (3) the ALJ failed to consider the opinion of Harsh's treating rheumatologist Dr. Mary Haggerty; (4) the ALJ failed in his duty to develop the record; (5) the Commissioner's decision is not based on substantial evidence as the ALJ did not adequately apply 20 C.F.R.

3

§ 404.1520a; and (6) the ALJ committed reversible error by not adequately assessing Harsh's credibility.

In the defendant's motion for summary judgment, the defendant asserts that the ALJ's decision is supported by substantial evidence and should therefore be affirmed. He argues that based on the substantial evidence, the ALJ did evaluate the plaintiff's impairments in combination, that the ALJ was under no duty to mention the rheumatologist's opinion, that the ALJ did adequately develop the record, apply 20 C.F.R. § 404.1520a, and assess the plaintiff's credibility.

Magistrate Judge Seibert issued a report and recommendation in which he first found that the ALJ's determination that the plaintiff does not suffer from "severe" mental or physical impairments was supported by substantial evidence. With regard to the plaintiff's mental impairment, the magistrate judge asserted that the ALJ sufficiently considered the plaintiff's mental impairment of depression according to 20 C.F.R. § 404.1520a, which requires the Commissioner to rate the degree of claimant's functional limitations based on certain factors. The magistrate judge also stated that with regard to the plaintiff's physical impairments, the ALJ properly considered the plaintiff's subjective complaints of pain and other subjective symptoms, as is required. He found that the ALJ considered the plaintiff's daily activities, the frequency, duration, and intensity of her pain and other

4

symptoms, her medication, and other side effects. The plaintiff did not file objections to this portion of the magistrate judge's report and recommendation. This Court agrees with the magistrate judge and finds no clear error in his assessment.

The magistrate judge next found that the ALJ did properly consider all of the plaintiff's impairments both individually and collectively. He said that the ALJ's finding that work exists in significant numbers in the national economy that the plaintiff could perform was supported by substantial evidence in the record. The magistrate judge asserted that the ALJ's finding that the claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. §§ 404.15020(d), 404.1525, and 404.1526 was based on specific findings and methodical review.

The plaintiff filed objections to the magistrate judge's findings concerning whether or not the ALJ properly considered the plaintiff's impairments in combination. First, the plaintiff states that the magistrate judge failed to understand that combination must be evaluated through the sequential analysis. Specifically, the plaintiff asserts that there is no statement of any kind that the ALJ considered combination at steps 4 and 5. Steps 4 and 5 ask whether "(4) the claimant can perform her past relevant work; and (5) [whether] the claimant can perform other

specified types of work." Johnson v. Barnhart, 434 F.3d 650, 653 n.1 (4th Cir. 2005).

The plaintiff is correct in asserting that the "ALJ is required to assess the combined effect of a claimant's impairments throughout the five-step analytical process." Fleming v. Barnhart, 284 F. Supp. 2d 256, 270 (D. Md. 2003) (citing 20 C.F.R. § 404.1523); and Walker v. Bowen, 889 F.2d 47, 49-50 (4th Cir. 1989)). After a de novo review of the record and the magistrate judge's findings, however, this Court finds that the ALJ did in fact consider the effect that the combination of impairments would have at steps 4 and 5. In the ALJ's assessment as to whether the claimant had the residual functional capacity to perform light work, the ALJ "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." ECF No. 10 Ex. 2 *23-24. The ALJ later went on to state in his evaluation at step 4 concerning whether the plaintiff was capable of performing past relevant work that he compared the plaintiffs "residual functional capacity with the physical and mental demands of this work." ECF No. 10 Ex. 2 *27. Furthermore, the ALJ also considered the residual functional capacity when evaluating step 5, which was whether the claimant can perform other specified types of work. See ECF No. 10 Ex. 2 *27. By using the plaintiff's residual functional capacity in evaluating both steps 4 and 5, which was

found based on a consideration of all of the plaintiff's symptoms, the ALJ did properly consider the plaintiff's combination of impairments in steps 4 and 5.

Second, the plaintiff objects to the magistrate judge's findings concerning whether or not the ALJ properly considered the plaintiff's impairments in combination because she claims "there is widespread authority that when a claimant has multiple impairments, a particularized discussion and analysis is necessary." ECF No. 17 *2. This Court believes that plaintiff is therefore asserting that the ALJ did not partake in such a particularized discussion.

According the United States Court of Appeals for the Fourth Circuit, "well-articulated finding[s] as to the effect of the combination of impairments" should be made. Cook v. Heckler, 738 F.2d 1168 (4th Cir. 1986). After a de novo review of the record and the magistrate judge's findings, however, this Court finds that the ALJ did make such findings. The ALJ specifically stated that "[t]he above combination of impairments causes significant limitations in the claimant's ability to perform basic work activities." ECF No. 10 Ex. 2 *22. Further, the ALJ stated that the he found the "combination of impairments to be 'severe' since they have resulted in significant limitations on the claimant's ability to perform basic work." Id. at *23. The ALJ then proceeds to explain why such combination of impairments do not meet or equal the requirements of any section of the Listings. Id. at *23-26.

Therefore, this Court finds that the ALJ did articulate his findings concerning the effect of the combination of impairments, as he found that they did effect the plaintiff's work activities.

The plaintiff's third objection to the magistrate judge's findings concerning whether or not the ALJ properly considered the plaintiff's impairments in combination was that the ALJ failed to consider the impact of the impairments he found non-severe. Plaintiff did not indicate any instance in the ALJ's opinion where the ALJ specifically did not consider the impact of the impairments he found non-severe. The ALJ specifically stated that he found "the above combination of impairments to be 'severe' since they have resulted in significant limitations on the claimant's ability to perform basic work activity." ECF No. 10 Ex. 2 *23. In the proceeding paragraphs, the ALJ discussed those impairments he found severe and those he found non-severe. Id. at 22-23. After a de novo review of the record and the magistrate judge's findings however, this Court finds that there is no basis for concluding that the ALJ did not consider the impairment he found to be non-severe when evaluating the combination of impairments severity.

With regard to plaintiff's third assignment of error concerning the ALJ's opinion, the magistrate judge found that the ALJ did not err in declining to explicitly discuss the medical records from Dr. Haggerty's office. The magistrate judge stated that "the ALJ need not evaluate in writing every piece of testimony

8

and evidence submitted." Carlson v. Shalala, 999 F.2d 180, 181 (7th Cir. 1993). As noted by the magistrate judge, the ALJ only must assess the evidence to "assure us that the ALJ considered the important evidence . . . [and to enable] us to trace the path of the ALJ's reasoning." Id. (quoting Stephens v. Heckler, 766 F.2d 284, 287 (7th Cir. 1985)). The magistrate judge stated that the ALJ did not fail to consider key evidence because Dr. Haggerty's assessment was essentially the same as Dr. Foy's assessment, which the ALJ did discuss. The plaintiff did not file objections to this portion of the magistrate judge's report and recommendation. This Court agrees with the magistrate judge and finds no clear error in his assessment.

Next, the magistrate judge found that the ALJ did not err in his duty to develop the record. The plaintiff's argument was that because there was a lack of definite diagnosis on her mental status examination, this gave rise to a duty to obtain a consultative examination. The magistrate judge noted that the ALJ does have "a duty to explore all relevant facts and inquire into the issues necessary for adequate development of the record, and cannot rely on evidence submitted by the claimant when that evidence is inadequate." Cook v. Heckler, 783 F.2d 1168, 1173 (4th Cir. 1986). The magistrate judge also indicated that the ALJ does have to order a consultative exam but only when additional evidence is necessary that is not contained in the medical records or when the evidence

9

is conflicting or insufficient. 20 C.F.R. § 404.1519(a). However, as explained by the magistrate judge, the plaintiff "must also show he was prejudiced by the inadequate record and that, had the ALJ complied with the regulation, he 'could and would have adduced evidence that might have altered the result.'" Hyde v. Astrue, No. 07-30748, 2008 U.S. App. LEXIS 10228 at *10 (5th Cir. May 12, 2008) (quoting Kane v. Heckler, 731 F.2d 1216, 1220 (5th Cir. 1984)). The magistrate judge found that the record concerning the claimant's alleged mental impairments was not incomplete or inadequate so as to require the ALJ to further develop the record by ordering a consultative examination. Instead, the magistrate judge said that based on the information in the record there was sufficient evidence to support the ALJ's determination. The plaintiff did not file objections to this portion of the magistrate judge's report and recommendation. This Court agrees with the magistrate judge and finds no clear error in his assessment.

The magistrate judge then found that the ALJ did properly apply 20 C.F.R. § 404.1520a. The plaintiff argued that this section imposed a duty of explanation and the ALJ violated such duty because he did not explain his conclusions. The magistrate judge noted the information that the ALJ used in making the conclusions under 20 C.F.R. § 404.1520a concerning whether the plaintiff's impairments were severe. For instance, the magistrate judge indicated that the ALJ came to the conclusion that the

plaintiff's depression was not severe because she had not experienced episodes of extended decompensation, she only had mild restrictions to activities of daily living, mild restrictions in social functioning and mild restrictions in concentration. The magistrate judge stated that the ALJ used such evidence as the plaintiff not having a longitudinal record of formal mental health treatment, the treating doctor never referring her for a mental health evaluation, and also all the various activities she was able to complete to come to his conclusion. The plaintiff did not file objections to this portion of the magistrate judge's report and recommendation. This Court agrees with the magistrate judge and finds no clear error in his assessment.

Finally, the magistrate judge found that the ALJ did not make an improper credibility determination concerning the plaintiff's statements regarding her pain and symptoms. The magistrate judge cited the Fourth Circuit's standard for evaluating a plaintiff's subjective complaints from Craig v. Charter, 76 F.3d 585 (4th Cir. 1996). As the magistrate judge indicates, while the ALJ must consider the plaintiff's statements, he is not required to credit them to the extent they are inconsistent with the objective medical evidence or to the extent the underlying objective medical impairment could not reasonably be expected to cause the symptoms alleged. Craig, 76 F.3d at 595. The magistrate judge also noted that other factors must also be considered in determining the

11

credibility, like prior work record and efforts to work, daily activities, and other information concerning the claimant's symptoms and how the symptoms affect the individual's ability to work. The magistrate judge further noted that "[b]ecause [the ALJ has] the opportunity to observe the demeanor and to determine the credibility of the claimant, the ALJ's observations concerning these questions are to be given great weight." Shively v. Heckler, 739F.2d 987, 989 (7th Cir. 1984) (citation omitted). The magistrate judge stated that the ALJ did consider the plaintiff's symptoms, limitations, daily activities, social activities, and side effects. Based on these considerations, the ALJ found that her statements regarding her symptoms were "fair, at best." The magistrate judge noted that there was more than a mere scintilla of evidence for the ALJ to discredit the plaintiff's statements. The plaintiff did not file objections to this portion of the magistrate judge's report and recommendation. This Court agrees with the magistrate judge and finds no clear error in his assessment.

## IV. Conclusion

Based upon a de novo review, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety. Thus, for the reasons stated above, the defendant's motion for summary judgment is GRANTED and the plaintiff's motion for judgment on the pleadings is DENIED. It is further ORDERED

that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:     January 25, 2013

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE